ELIZABETH W. LUND, ESQ.
Berg, Lilly & Tollefsen, P.C.
1 West Main Street
Bozeman, MT 59715
Tel: 406.587.3181
Fax: 406.587.3240
lund@berglawfirm.com
*Attorneys for Defendant American National*
     *Property and Casualty Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | | |
|---|---|---|
| HEATHER PATE, | ) | CAUSE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL UNDER** |
| vs. | ) | **28 U.S.C. § 1441(b) (DIVERSITY)** |
| | ) | **CLERK'S ACTION REQUIRED** |
| SUTHERN BATES and | ) | |
| AMERICAN NATIONAL | ) | |
| PROPERTY AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
        DISTRICT OF MONTANA, MISSOULA DIVISION

        Please take notice that Defendant AMERICAN NATIONAL PROPERTY

AND CASUALTY COMPANY ("American National") hereby removes to this

Court the state court action described below under 28 U.S.C. § 1441(b) on the

grounds of diversity jurisdiction.

1

1.    **This Is a Notice of Removal Based on Diversity of Citizenship for an Action Pending in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula.**

American National is a named defendant in a civil action filed in the District Court of the Fourth Judicial District in and for Missoula County, styled *Heather Pate v. Suthern Bates and American National Property and Casualty Company*, Cause No. DV-17-265 (the "State Court Action").  A copy of the Complaint and Demand for Jury Trial and Amended Complaint, Declaration Action and Demand for Jury Trial (collectively "Complaint") are attached as **Exhibits A and B**.

2.    **American National First Received the Complaint and Summons on May 8, 2017.**

Plaintiff Heather Pate ("Pate") served American National with the Summons and Complaint by mailing a copy of the same to the Montana Insurance Commissioner.  On May 8, 2017, the Montana Commissioner of Securities & Insurance mailed the Summons and Complaint to American National's Registered Agent, CT Corporation.  See **Exhibit C**, Certified Mail envelope.  Removal is thus timely under 28 U.S.C. § 1446(b) because fewer than 30 days have passed since American National was served with the Summons and Complaint.

3.    **The State Court Action Concerns an Amount in Controversy in Excess of $75,000.00, and Involves a Plaintiff and Defendants of Diverse Citizenship.**

The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by American National pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.   American National Has a Good Faith Basis to Believe that the Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.

Plaintiff has failed to plead a specific amount of damages.  In such situations, "a removing party must initially file a notice of removal that includes a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *LaCross v. Knight Transp. I*nc., 775 F.3d 1200, 1202 (9th Cir. 2015) (citations omitted).

In this action, Plaintiff has brought claims against Defendant Suthern Bates for negligence (Count I) and violation of the Montana Traffic Code (Count II) and against Defendant American National for declaratory judgment under the auspices of *Ridley v. Guaranty National Insurance Company*, 286 Mont. 325, 951 P.2d 987 (1997) (Claim III).

American National attempted to stipulate with Plaintiff that the amount in controversy did not exceed $75,000 and that she would not collect more than $75,000, exclusive of attorney's fees and costs in this action.  Plaintiff initially

indicated she was amenable to such an agreement; however, when the stipulation and affidavit were presented to Plaintiff she refused to sign.  Plaintiff related she would not stipulate to a cap on her recovery.  She further indicated that if punitive damages (Plaintiff has not yet asserted a punitive damage claim) were awarded, she would not agree to cap those either.

To date, American National has advanced $8,560.00 to Plaintiff in payments for her medical expenses.  All medical expenses submitted to American National have been paid, but American National has not been dismissed as a party to this action.  Therefore, American National can only surmise that Plaintiff is continuing to receive treatment for injuries allegedly arising out of the subject accident.  In her Request for Relief, Plaintiff claims she is also entitled to wage loss, "loss of enjoyment of life," pain and suffering, medical expenses, and all other damages. Finally, Plaintiff's refusal to stipulate that her damages do not exceed $75,000 is indicative of Plaintiff's perception of the amount of her damages as exceeding $75,000. Thus, this case meets the amount in controversy requirement of 28 U.S.C. § 1332(a).

> **B.     Plaintiff Is a Citizen of Montana, Whereas Defendants are Citizens of Missouri and Washington.**

American National is informed and believes that Plaintiff is a citizen of Montana.  See **Exhibit A**, State Court Action Complaint, ¶ 1.  American National is informed and believes that Defendant Suthern Bates is a citizen of Washington.

4

See Declaration of Suthern Bates, attached as **Exhibit D**.  American National is incorporated in Missouri.  American National's principal place of business is located in the county of Greene, Missouri.  Accordingly, American National is a citizen of Missouri for purposes of diversity jurisdiction.  Plaintiff and Defendants in this case are therefore citizens of different states.

Additionally, neither Suthern Bates nor American National are citizens of Montana, the state in which this action was filed.  See 28 U.S.C. § 1441(b)(2).  All diversity requirements for removal are met.

### 4.     American National Will Notify the State Court of this Removal.

Pursuant to 28 U.S.C. § 1446(d) and L.R. 3.3(a), within seven (7) days after filing its Notice of Removal with this Court, American National will promptly file a copy of its Notice of Removal in the State Court Action.

### 5.     Venue Is Proper.

Removal to this Court, Missoula Division, is proper because the State Court Action was filed in this Court's district in the County of Missoula.  See 28. U.S.C. § 1441(a); L.R. 1.2(c)(5).

### 6.     Suthern Bates Consents to Removal.

In an action with multiple named defendants, one defendant can remove the case to federal court so long as all other named defendants that have been served join in or consent to the removal.  See, e.g., *Mitchell v. Paws UP Ranch, LLC*, 597

F. Supp. 2d 1132, 1135 (D. Mont. 2009); *Stewart v. Waner*, 2013 WL 5816504, at

*1 (D. Mont. Oct. 29, 2013); 29 U.S.C. § 1446(b)(2)(A).  Counsel for Suthern

Bates, the only other named defendant, has indicated that Mr. Bates consents to the

removal.

       **7.**      **Reservation of Rights.**

       American National hereby reserves any and all rights to assert any defenses

to Plaintiff's Complaint, including, but not limited to, the insufficiency of process

or service of process, lack of personal jurisdiction, improper venue, and a bar by

the applicable statute of limitations.  American National further reserves the right

to amend or supplement this Notice of Removal.

       Based on the foregoing, American National removes to this Court the State

Court Action.

       DATED this 31st day of May, 2017.

                                    BERG, LILLY & TOLLEFSEN, P.C.


                                    By  /s/ Elizabeth W. Lund
                                      ELIZABETH W. LUND

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing *Notice of Removal* was served on the 31st day of May, 2017, on the following persons by the following means:

<u>1-3</u>   EM/ECF
_____   Hand Delivery
_____   Mail
_____   Overnight Delivery Service
_____   Fax
_____   E-mail

1.      Clerk, U.S. District Court

2.      Martin W. Judnich
        Vincent J. Pavlish
        Law Office of Martin W. Judnich, P.C.
        2419 Mullan Road, Suite B
        Missoula, MT 59808
        judnich@gmail.com
        vincent.pavlish@gmail.com
        *Attorneys for Plaintiff*

3.      Jordan Y. Crosby
        David J. Grubich
        Ugrin, Alexander, Zadick & Higgins, P.C.
        #2 Railroad Square, Suite B
        P.O. Box 1746
        Great Falls, MT 59403
        jyc@uazh.com
        djg@uazh.com
        *Attorneys for Defendant Suthern Bates*


                                         /s/ Elizabeth W. Lund
                                         ELIZABETH W. LUND