MAR-28-2017 12:39 From:Judnich Law Office   14067213703      To:14178776317           Page:2/6

```
 1  MARTIN W. JUDNICH                    FILED MAR 27 2017
    VINCENT J. PAVLISH
 2  Law Office of Martin W. Judnich P.C.    SHIRLEY E. FAUST, CLERK
    2419 Mullan Road, Suite B            By_____
 3  Missoula, MT 59808                              Deputy
    (406) 721-3354
 4  judnich@gmail.com

 5  Attorneys for Plaintiff

 6
    MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY
 7
 8  HEATHER PATE                  | Dept. No. 4
 9                                | Cause No. DV-17-265
              Plaintiff,          | Hon. Karen S. Townsend
10                                |
11       -vs-                     |
    SOUTHERN BATES,               | COMPLAINT AND DEMAND FOR
12  POLLYANN KULAWINSKI,          | JURY TRIAL
    AMERICAN NATIONAL             |
13  PROPERTY AND CASUALTY         |
    COMPANY,                      |
14                                |
              Defendants.         |
15
```

16  COMES NOW the Plaintiff, Heather Pate, by and through her attorney of
17  record, MARTIN W. JUDNICH, and for claims against Defendants, complain and
18  allege as follows:

**I. FACTS COMMON TO ALL CLAIMS**

1. Plaintiff is a citizen and a resident of Montana, currently residing in Missoula County, Montana.

2. Defendants Southern Bates, American National Property and Casualty Company, and Pollyann Kulawinski are believed to be residents or resident corporations of Missoula County, Montana.

3. That on or about October 9, 2015, Defendant Kulawinski, negligently, carelessly, recklessly and unlawfully operated a motor vehicle so as to cause a two vehicle crash within Missoula County, Montana, involving the Plaintiff wherein

- 1 -                                                  COMPLAINT


EXHIBIT A

MAR-28-2017 12:40 From:Judnich Law Office 14067213783 To:14176775317 Page:3/4

the Plaintiff's vehicle was at a complete stop at a stop sign and the Defendant's vehicle collided with the rear of the Plaintiff's vehicle.

4. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, the Plaintiff has sustained serious injuries to her body, all of which have caused and continue to cause the Plaintiff severe pain and suffering as well as emotional distress.

5. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendant as herein alleged, Plaintiff was required to employ physicians for reasonable medical treatment and care of said injuries and continues to incur further reasonable medical treatment for the care and treatment of said injuries.

6. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff has suffered past and future pain of body and mind, loss of enjoyment of life, and loss of established course of life.

7. Defendant Southern Bates employed Pollyann Kulawinski who was driving a vehicle owned and insured by Southern Bates at the time of the crash.

8. Defendant American National Property and Casualty Companies provided automobile casualty and liability insurance upon the Southern Bates vehicle that Defendant Kulawinski was operating at the time of the crash.

9. The Plaintiff was not negligent with respect to the above referenced crash.

10. The Defendants are solely liable for Plaintiff's damages.

CLAIM I: Negligence as to Defendant Kulawinski and Southern Bates

11. Plaintiff incorporates paragraphs 1-10 into this claim.

CLAIM II: Violation of Montana Traffic Code

12. Plaintiff incorporates paragraphs 1-11 into this claim.

- 2 -

COMPLAINT

https://anpac-imgprod/eclient/ANPAC/PrintControl.jsp?itemid=86+3+ICM4+DB2I10+... 3/29/2017

MAR-28-2017 12:40 From:Judnich Law Office   14067213783      To:14170775317        Page:4/6

13. Defendants violated Mont. Code Ann. § 61-8-329 by driving a motor vehicle too closely to the vehicle in front of it.

14. Defendants violated Mont. Code Ann. § 61-8-302 by committing Careless Driving.

<u>CLAIM III: Declaratory relief as to</u>
<u>American National Property and Casualty Companies</u>

15. Plaintiff incorporates by reference all of the above allegations. She further states and alleges as follows for his claims against Defendant American National Property and Casualty Companies, hereinafter referred to as ANPAC.

16. Plaintiff brings Count Three pursuant to Mont. Code Ann. § 27-8-101, *et. seq.* against ANPAC for a declaratory judgment that ANPAC is required to advance pay her related medical bills under Montana law. *See Ridley v. Guaranty Nat. Ins. Co.*, 286 Mont. 325, 951 P.2d 987, and *DuBray v. Farmers Ins. Exchange*, 307 Mont. 134, 36 P.3d 897 (2001).

17. Defendant Southern Bates and Kulawinski's liability is reasonably clear in a rear end type collision.

18. ANPAC insured Defendant's vehicle and accepted that liability was reasonably clear with the Defendant being at fault. ANPAC advance paid some, but not all, of Plaintiff's related medical bills.

19. As a result of the collision, Plaintiff sustained and continues to sustain medical expenses.

- 3 -                                           COMPLAINT

https://anpac-imgprod/eclient/ANPAC/PrintControl.jsp?itemid=86+3+ICM4+DB2I10+...   3/29/2017

MAR-28-2017 12:40 From:Judnich Law Office   14067213783   To:14178775317   Page:5/1

20. ANPAC has been given medical records, medical bills, and other information showing that the medical care and treatment Plaintiff has received is reasonably related to the above collision.

21. ANPAC has not performed any independent medical examination or provided the Plaintiff any medical information to contradict Plaintiff's treating medical providers treatment plans, treatment or opinion as to causation of injuries related to this crash.

22. The medical bills and records provided to ANPAC on behalf of the Plaintiff cover medical care for the Plaintiff that is reasonably related to the referenced collision.

23. Without any medical opinion challenging any of the medical care Plaintiff has received as a result of this collision, ANPAC has refused to pay for all of Plaintiff's medical bills related to this incident.

23. Therefore, Plaintiff seeks a declaratory ruling that ANPAC be required to advance pay all medical bills in full, immediately.

## IV. REQUEST FOR RELIEF

1. Wherefore, as to Defendants Southern Bates and Kulawinski, Plaintiff requests that a jury award all special and general damages including, but not limited to, wage loss, medical costs, pain and suffering, loss of enjoyment of life, and all other damages which are deemed just and reasonable by the Court. As to

- 4 -                                                                 COMPLAINT

her claims against ANPAC, Plaintiff seeks a declaratory ruling requiring advance payment of medical bills, wage loss, interest on the amounts that have not been paid, attorneys fees and costs, and all other relief deemed appropriate by the Court. *Trustees v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663; *Mountain West Farm Bureau v. Brewer*, 2003 MT 98, 315 Mont. 231, 69 P.3d 652.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ANY AND ALL DISPUTED FACTS.**

DATED this 22 day of March, 2017.

LAW OFFICE OF MARTIN JUDNICH

_____
Martin W. Judnich
Attorney for the Plaintiff

- 5 -  COMPLAINT