MARTIN W. JUDNICH
VINCENT J. PAVLISH
Law Office of Martin W. Judnich P.C.
2419 Mullan Road, Suite B
Missoula, MT 59808
(406) 721-3354
Marty@Judnichlaw.com

*Attorneys for Plaintiff*

FILED APR 25 2017
SHIRLEY E. FAUST, CLERK
BY _____ Deputy

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| HEATHER PATE<br><br>Plaintiff.<br><br>-vs-<br><br>SUTHERN BATES, and AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY. Individually,<br><br>Defendants. | Dept. No. 4<br><br>Cause No. DV-17-265<br><br>Hon. Karen S. Townsend<br><br>**AMENDED COMPLAINT, DECLARATORY ACTION AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Heather Pate, by and through her attorneys of record, The Judnich Law Office, and for claims against Defendants, complain and allege as follows:

## I. FACTS COMMON TO ALL CLAIMS

1. Plaintiff is a citizen and a resident of Montana, currently residing in Missoula County, Montana.

2. Defendants Suthern Bates and American National Property and Casualty Company, are believed to be residents or resident corporations of Missoula County, Montana.

3. That on or about October 9, 2015, Defendant Bates, negligently, carelessly, recklessly and unlawfully operated a motor vehicle so as to cause a two vehicle crash within Missoula County, Montana, involving the Plaintiff wherein

the Plaintiff's vehicle was at a complete stop at a stop sign and the Defendant's vehicle collided with the rear of the Plaintiff's vehicle.

4. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, the Plaintiff has sustained serious injuries to her body, all of which have caused and continue to cause the Plaintiff severe pain and suffering as well as emotional distress.

5. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendant as herein alleged, Plaintiff was required to employ physicians for reasonable medical treatment and care of said injuries and continues to incur further reasonable medical treatment for the care and treatment of said injuries.

6. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff has suffered past and future pain of body and mind, loss of enjoyment of life, and loss of established course of life.

7. Defendant American National Property and Casualty Companies provided an automobile casualty and liability insurance policy covering the vehicle that Defendant Bates was operating at the time of the crash.

8. The Plaintiff was not negligent with respect to the above referenced crash.

9. The Defendants are solely liable for Plaintiff's damages.

### CLAIM I: Negligence as to Defendant Bates

10. Plaintiff incorporates paragraphs 1-9 into this claim.

### CLAIM II: Violation of Montana Traffic Code

11. Plaintiff incorporates paragraphs 1-10 into this claim.

12. Defendant Bates violated Mont. Code Ann. § 61-8-329 by driving a motor vehicle too closely to the vehicle in front of it.

13. Defendant Bates violated Mont. Code Ann. § 61-8-302 by committing Careless Driving.

### CLAIM III: Declaratory relief as to
### American National Property and Casualty Companies

15. Plaintiff incorporates by reference all of the above allegations. She further states and alleges as follows for his claims against Defendant American National Property and Casualty Companies, hereinafter referred to as ANPAC.

16. Plaintiff brings Count Three pursuant to Mont. Code Ann. § 27-8-101, *et. seq.* against ANPAC for a declaratory judgment that ANPAC is required to advance pay her related medical bills under Montana law. *See Ridley v. Guaranty Nat. Ins. Co.*, 286 Mont. 325, 951 P.2d 987, and *DuBray v. Farmers Ins. Exchange*, 307 Mont. 134, 36 P.3d 897 (2001).

17. Defendant Bates' liability is reasonably clear in a rear end type collision in this matter and full liability is not disputed by Bates.

18. ANPAC insured Defendant's vehicle and accepted that liability was reasonably clear with the Defendant being at fault. ANPAC provided payments in advance of settlement for some, but not all, of Plaintiff's related medical bills.

19. As a result of the collision, Plaintiff sustained and continues to sustain medical expenses.

20. ANPAC has been given medical records, medical bills, and other information showing that the medical care and treatment Plaintiff has received is reasonably related to the above collision.

21. ANPAC has not performed any independent medical examination or provided the Plaintiff any medical information to contradict Plaintiff's treating medical providers treatment plans, treatment or opinion as to causation of injuries related to this crash.

22. The medical bills and records provided to ANPAC on behalf of the Plaintiff cover medical care for the Plaintiff that is reasonably related to the referenced collision.

23. Without any medical opinion challenging any of the medical care Plaintiff has received as a result of this collision, ANPAC has refused to pay for all of Plaintiff's medical bills related to this incident.

23. Therefore, Plaintiff seeks a declaratory ruling that ANPAC be required to advance pay all medical bills in full, immediately.

## IV. REQUEST FOR RELIEF

1. Wherefore, as to Defendant Bates, Plaintiff requests that a jury award all special and general damages including, but not limited to, wage loss, medical costs, pain and suffering, loss of enjoyment of life, and all other damages which are deemed just and reasonable by the Court. As to her claims against ANPAC,

Plaintiff seeks a declaratory ruling requiring advance payment of medical bills, wage loss, interest on the amounts that have not been paid, attorneys fees and costs, and all other relief deemed appropriate by the Court. *Trustees v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663; *Mountain West Farm Bureau v. Brewer*, 2003 MT 98, 315 Mont. 231, 69 P.3d 652.

## PLAINTIFFS DEMAND A TRIAL BY JURY OF ANY AND ALL DISPUTED FACTS.

DATED this 25th day of April, 2017.

LAW OFFICE OF MARTIN JUDNICH

_____
Martin W. Judnich
Attorney for the Plaintiff